# IN THE COURT OF APPEALS OF IOWA

───────────────

No. 24-1641
Filed April 1, 2026

───────────────

**Najee Devontae James,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

───────────────

Appeal from the Iowa District Court for Jasper County,
The Honorable Terry Rickers, Judge.

───────────────

**AFFIRMED**

───────────────

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

───────────────

Considered without oral argument
by Tabor, C.J., Badding, J., and Vogel, S.J.
Opinion by Vogel, S.J.

**VOGEL, Senior Judge.**

Najee James appeals the summary dismissal of his postconviction relief (PCR) application, arguing he is actually innocent of forgery and identity theft. On our review, we conclude James does not present newly discovered evidence sufficient to overcome the three-year statute of limitations for PCR actions set forth in Iowa Code section 822.3 (2023). Even if James's claim were not time-barred, he has failed to prove his actual innocence by clear and convincing evidence. We therefore affirm.

## I. Background Facts and Proceedings.

In January 2017, a motel clerk in Newton contacted the police about a call from J.H. reporting that his credit card had been used without authorization to rent a room at the motel. J.H.'s credit card number matched the number used by a woman named Tyler Wilson to rent a room. Wilson checked into the motel with a male companion, later identified as James.

Police contacted J.H., who reported he was in possession of his credit card but received notifications of unauthorized purchases at several businesses in Newton, including the motel. Officers then went to the motel, located Wilson and James's room, and stood outside. While outside the room, officers heard sounds resembling a credit card imprinting machine.

The officers knocked on the door, and Wilson eventually answered. James was also in the room. In plain view, officers observed several credit cards, including one with J.H.'s credit card number and Wilson's name.

Officers obtained and executed a search warrant on the hotel room and James's rental vehicle. Upon execution of the search warrant, officers located other evidence associated with forgery and identity theft in both the motel room and the vehicle.

In April, James pled guilty to one count of forgery and one count of identity theft. He did not appeal. The three-year period for James to file a PCR application expired in April 2020.

On March 24, 2023, James filed a PCR application. On May 9, 2024, the State filed a motion for summary judgment asserting James's application had no basis for relief under Iowa Code section 822.2. James resisted, abandoning his original claims but asserting he was actually innocent of the crimes based on newly discovered evidence, thereby seeking to avoid the three-year statute of limitations of section 822.3. He supported his argument by filing three affidavits as evidence.

On October 1, after hearing arguments on the matter with James present, the district court concluded that the affidavits did not present newly discovered evidence sufficient to overcome the three-year time bar, and further James did not establish actual innocence. The district court granted summary disposition and dismissed James's PCR application. James appeals.

## II. Standard of Review.

"We review summary dismissals of [PCR] applications for errors at law." *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). To the extent James's actual-innocence claim "raises constitutional questions, our review is de novo." *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).

## III. Analysis.

James argues that newly discovered evidence establishes he is actually innocent. "[F]reestanding claims of actual innocence permitted by the Iowa Constitution are available to applicants even though they pled guilty."

*Schmidt*, 909 N.W.2d at 795. To succeed on an actual-innocence claim, "[a]n applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant." *Dewberry*, 941 N.W.2d at 5 (cleaned up). In short, James must show he "is factually and actually innocent." *Id.* (citation omitted).

An actual-innocence claim must be brought within three years under Iowa Code section 822.3 unless an exception to the statute of limitations applies. *Id.* at 5; *see also* Iowa Code § 822.3 (establishing statute of limitations and exceptions). One exception to the statute of limitations is newly discovered evidence. *See* Iowa Code § 822.3 ("[T]his limitation does not apply to a ground of fact . . . that could not have been raised within the applicable time period."). To prevail on a newly discovered evidence claim, an applicant must show, by a preponderance of the evidence,

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*See Moon v. State*, 911 N.W.2d 137, 151 (Iowa 2018) (citation omitted). When the evidence "was available to the applicant or could have been discovered with due diligence within the limitations period" the new evidence does not overcome the statute of limitations. *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020).

As his allegedly newly discovered evidence, James submitted three affidavits: one from himself, one from his sister Niya James, and one from Brandon Hurd, a mutual friend of James and Wilson. James alleges these affidavits show that he is actually innocent of forgery and identity theft.

None of the affidavits present newly discovered evidence. James's affidavit complains about his prior attorney, his decision to take a plea agreement, and the perceived lack of evidence against him. Niya James's affidavit attests that she saw Wilson in possession of the equipment "days and months prior to the arrest." She also alleges that James "does not have the brain capacity" to commit the crimes. Similar to Niya's affidavit, Brandon Hurd's affidavit attests to his belief that Wilson was the "mastermind" of the crimes and James lacked the mental capacity to commit the crimes.

As did the district court, we conclude that the affidavits merely "contain information and allegations that James already had available to him when he was prosecuted in 2017." The affidavits do not present newly discovered evidence to overcome the three-year statute of limitations set forth in Iowa Code section 822.3. For that reason, James's claim is time-barred and must be dismissed.

Even if James's claim were not time-barred, he has not presented clear and convincing evidence that he is actually innocent of the crimes. As the district court concluded,

> The State's answer/reply to James'[s] resistance to the motion for summary disposition accurately describes why James'[s] affidavits fail to sustain a free-standing actual innocence claim. In summary, the affidavits describe Wilson as the mastermind behind the fraudulent credit card operation while characterizing James as a slow-witted dupe who could not possibly be capable of being involved in such an operation. However, the assertions in the affidavits regarding Wilson's culpability are not sufficient to provide clear and convincing evidence of James'[s] innocence. James'[s] conviction could be sustained regardless of whether he was the principal behind the bogus credit card operation or an aider and abettor of Wilson's scheme. At the very least, James was providing transportation for Wilson as they went to different places to skim credit card information and create bogus credit cards.

We agree with the district court that none of the information contained in the affidavits negates "both the direct evidence and circumstantial evidence of James'[s] guilt." For these reasons, the district court did not err in summarily dismissing James's PCR application.

## IV. Conclusion.

Because James's PCR claim is barred by the statute of limitations and because he has failed to show actual innocence, we affirm.

**AFFIRMED.**